UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Plaintiff,

v.                                                      CIVIL ACTION NO. 5:22-cv-00007

WARDEN, USP THOMPSON,

        Defendant,

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Plaintiff,

v.                                                      CIVIL ACTION NO. 5:22-cv-00131

WARDEN, USP THOMPSON,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

        Pending is Plaintiff Michael S. Owl Feather-Gorbey's Motion to Recuse Judge Volk for Judicial Bias, filed August 1, 2022. [Doc. 12]. The above-styled cases were consolidated on August 26, 2022. [Doc. 14].

**I.**

        Mr. Feather-Gorbey contends the undersigned has committed "repeated judicial misconducts and bias acts" warranting recusal. [Doc. 12 at 1]. In his accompanying affidavit, Mr. Feather-Gorbey declares the undersigned has deliberately denied Mr. Feather-Gorbey relief. [*Id.*

at 2]. Mr. Feather-Gorbey avers that such actions "[mug] the people" and "[mug] the integrities of our judicial systems." [*Id.*].

## II.

Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Our Court of Appeals has observed that the test is an objective one, requiring a judge to "disqualify himself whenever his 'impartiality might reasonably be questioned.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987)). The proper inquiry is "whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." *Newport News Holdings Corp., v. Virtual City Vision, Inc.*, 650 F.3d 423, 433 (4th Cir. 2011) (citing *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998)). Absent extraordinary circumstances, "a nonjudicial source must be present to raise the appearance of impropriety." *United States v. Morris*, 988 F.2d 1335, 1337 (4th Cir. 1993). Simply put, "[t]he nature of the judge's bias must be personal and not judicial." *Beard*, 811 F.2d at 827. Moreover, a reasonable observer "is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased." *DeTemple*, 162 F.3d at 287. "A presiding judge is not, however, required to recuse himself simply because of unsupported, irrational, or highly tenuous speculation" or because a judge "possesses some tangential relationship to the proceedings." *Cherry*, 330 F.3d at 665 (internal quotations omitted).

Section 455(b) provides a list of situations requiring recusal, including where a judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Like Section 455(a), "§ 455(b)(1) carr[ies] an 'extrajudicial source limitation' . . . under which bias or prejudice

must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge." *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting *Liteky v. United States*, 510 U.S. 545, 545–51 (1994)). In applying the extrajudicial source limitation, the Supreme Court has recognized that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Without more, such rulings alone "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.*

### III.

In the instant motion, Mr. Feather-Gorbey fails to point to any extrajudicial source of bias or prejudice warranting recusal of the undersigned under Sections 455(a) or (b)(1). Although Mr. Feather-Gorbey accuses the undersigned of deliberately denying Mr. Feather-Gorbey relief, he provides no evidence to support this bare assertion. Indeed, at the time of filing the instant motion, the only ruling in this matter was an Order from Magistrate Judge Tinsley denying without prejudice Mr. Feather-Gorbey's Application to Proceed Without Prepayment of Fees and Costs for failure to have the authorized officer or staff member at the prison verify his inmate account information. [Doc. 8]. Mr. Feather-Gorbey subsequently filed a corrected Application [*see* Doc. 9] the same day he filed the instant motion. As previously mentioned, mere disagreement with judicial rulings and unsupported, irrational, or highly tenuous allegations of bias, without more, are insufficient to warrant recusal. *See Cherry*, 330 F.3d at 665.

Accordingly, the Court **FINDS** Mr. Feather-Gorbey's allegations of judicial misconduct and bias are unsupported and thus insufficient to raise the appearance of any impropriety to a reasonable observer as to the undersigned.

## IV.

For the foregoing reasons, the Court **DENIES** Mr. Feather-Gorbey's Motion to Recuse Judge Volk for Judicial Bias. [**Doc. 12**].

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: January 12, 2023

Frank W. Volk
United States District Judge