IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

(CHIEF) COL. MICHAEL S. OWL FEATHER-GORBEY,

    Petitioner,

v.                                        Case No. 5:22-cv-00007
                                       (Consolidated with 5:22-cv-00131)

WARDEN, USP THOMSON,

    Respondent.

**ORDER**

    **A.**    **Motions to Supplement the Record.**

Pending before the court are Petitioner's Motion for Leave to File Added and/or Supplemental Exhibits in support of Objections and Reply to Deny Dismissal or Summary Judgment (ECF No. 22) and Petitioner's Motion to Supplement or Add to Objections and Arguments to Deny Dismissal or Summary Judgment (ECF No. 23). By way of these motions, Petitioner seeks to submit additional exhibits and supplemental argument in support of his Objections and Reply to Respondent's Motion to Dismiss and Motion for Summary Judgment (ECF No. 21).

Specifically, in the Motion for Leave to File Added and/or Supplemental Exhibits (ECF No. 22), Petitioner seeks to supplement the record with three additional exhibits consisting of: (1) a copy of Policy Statement (P.S.) 5270.09, Attachment 2; (2) a copy of P.S. 5630.01; and (3) a copy of P.S. 5630.01 and FBOP Technical Assistance Reference Manual Attachment A. In his Motion to Supplement or Add to Objections and Arguments (ECF No. 23), Petitioner seeks to expand on his arguments that his due

process rights were violated by failures to comply with requirements of P.S. 5270.09 and the regulations concerning inmate disciplinary proceedings.

It is hereby **ORDERED** that Petitioner's motions (ECF Nos. 22 and 23) are **GRANTED** to the extent that the court will consider these additional exhibits and arguments in support of Petitioner's previously submitted Objections and Reply to Respondent's Motion to Dismiss and Motion for Summary Judgment (ECF No. 21). The granting of these motions, however, does not constitute any ruling on the merits of Petitioner's arguments or positions in this matter, which will be separately addressed in a document titled "Proposed Findings and Recommendation."

### B. Petitioner's Motion to Stay Proceedings, for Discovery, and for Hearing and Appointment of Counsel.

Also pending before the court is Petitioner's Motion to Stay Proceedings, for Discovery, and for a Hearing and Appointment of Co-Counsel (ECF No. 25), in which he seeks a stay of these proceedings to enable him to obtain discovery and to hold an evidentiary hearing with the appointment of co-counsel to assist him. Specifically, Petitioner seeks discovery in the form of production of any memoranda or other correspondence between DHO Leslie and other BOP staff concerning any reinvestigation or re-writing of the three disciplinary rule violation reports involved in this matter; that is Incident Reports ("I.R.") 3493959, 3525508, and 3534245, as well as any rules or regulations governing a DHO's ability to direct a rewrite or reinvestigation. (*Id*. at 2-3, 7-8). Petitioner claims that this information is relevant to his claim that DHO Leslie was not an impartial factfinder because she ordered a reinvestigation of at least one of these reports prior to conducting the DHO hearing thereon.

2

Petitioner further makes a vague and generalized allegation that a stay of this matter is warranted because there are "matters regarding the record" that "need curing that otherwise will result in a manifest injustice or miscarriage of justice[.]" (*Id.* at 1-2). However, Petitioner fails to specifically identify any alleged matters in the record that need to be cured. Finally, Petitioner's motion requests that, "should the court require more facts," he seeks a hearing and appointment of counsel to assist him "to meaningfully state [his] case." (*Id.* at 8-9).

Although discovery is available in habeas proceedings under Rule 6 of the Rules Governing Section 2254 Cases, it is within the court's discretion to grant the same only upon a showing of good cause and only to the extent the court deems necessary. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Stephens v. Branker*, 570 F.3d 198, 207 (4th Cir. 2009) (citing *Hill v. Ozmint,* 339 F.3d 187, 193 (4th Cir. 2003) and *Quesinberry v. Taylor,* 162 F.3d 273, 279 (4th Cir. 1998) ("Rule 6(a) of the Rules Governing Section 2254 Cases requires a habeas petitioner to show good cause before he is afforded an opportunity for discovery."); *see also* Fed R. Civ. P. 81(a)(2) (stating that the Federal Rules of Civil Procedure apply to proceedings for habeas corpus). Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* at 908-09 (citing *Harris v. Nelson*, 394 U.S. 287 (1969)).

As will be separately addressed in the undersigned's forthcoming Proposed Findings and Recommendation, the DHO is "an impartial decision maker who was not a victim, witness, investigator, or otherwise involved in the incident." 28 C.F.R. § 541.8(b). For a court to determine that a DHO was not impartial, there must be "some substantial countervailing reason to conclude that [the DHO] was actually biased with

3

respect to the factual issues being adjudicated." *Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th Cir. 2004). Petitioner has merely alleged that DHO Leslie was not impartial because she directed a reinvestigation of IR 3534245. In response to Petitioner's motion, Respondent has provided a second declaration of DHO Leslie in which she states that, upon conducting an initial screening of IR 3534245 before the DHO hearing, she discovered that the officer who conducted the investigation of the incident had been one of the officers who responded at the time of the incident, and "to preserve due process," she directed that the matter be reinvestigated by another officer. (ECF No. 26, Ex. 1). Such conduct did not render DHO Leslie to be "involved in the incident" and Petitioner has not presented any other facts that would establish that she was "actually biased with respect to the facts being adjudicated."

Accordingly, Petitioner has not demonstrated good cause for this court to order discovery in this matter. Nor is there any need for an evidentiary hearing on the issues presently before the court. Consequently, a stay of this matter is not warranted. Therefore, it is hereby **ORDERED** that Petitioner's Motion to Stay Proceedings, Motion for Discovery and Supplemental Briefs, and Motion for Hearing and Co-Counsel (ECF No. 25) is **DENIED**.

### C. Motion to Add Additional Arguments and Evidence Regarding Loss of Good Conduct Time.

On April 27, 2023, after the time for briefing of the pending motions had concluded, Petitioner filed a Motion to Add Additional Arguments Related to Loss of Good Conduct Time Due to New Facts and Evidence and a Reply to Order to Re-do Reply to Respondent's Response to Petitioner's Motion for Sanctions (ECF No. 30). Petitioner seeks to amend his § 2241 petition to add a claim that the DHO's sanctions of

4

the loss of good conduct time ("GCT") for the three disciplinary rule violations at issue herein, in the aggregate, impermissibly exceeded 54 days in one year, in violation of 28 C.F.R. § 541.4(b). In pertinent part, Petitioner claims that "regardless of how many discipline charges are disposition [sic] in a single year, (together) the DHO may not exceed disallowing 54 good days in a single year." (*Id.* at 3). Petitioner asserts that 81 days of GCT were disallowed because of the subject disciplinary proceedings, and he contends that he should have 27 days of GCT restored as being taken in error. (*Id.*)

Importantly, there is a distinction between the "disallowance" of GCT and the "forfeiture" thereof. Disallowance means the withholding of GCT for the year in which the offense occurs. *See Hurst v. Bledsoe*, No. 3:10-cv-1868, 2011 WL 320576, *5 (M.D. Pa. Jan. 28, 2011) (distinguishing between disallowance and forfeiture of GCT). Forfeiture, on the other hand, involves taking back GCT which Petitioner has previously earned, which was not subject to disallowance. *Id.* In Petitioner's case, the DHO sanctioned him with the disallowance of 13 days of GCT for IR 3493959; 27 days for IR 3525508; and 41 days for IR 3534245. Standing alone, each of those sanctions was within the limits allowed for the type of offense committed. Additionally, with respect to IR 3534245, the DHO ordered the forfeiture of 60 days of non-vested GCT.

As noted in § 541.3(b), Table 1, for a greatest severity offense, such as Petitioner's attempted escape charge in IR 3534245, the DHO was authorized to order the forfeiture of up to 100% of Petitioner's GCT earned in previous years. However, she ordered that 60 days out of Petitioner's 512 days of non-vested GCT be forfeited. Meanwhile, although the DHO also disallowed 41 days of Petitioner's proposed GCT for the year 2021 for IR 3534245, on top of a prior 40 days of GCT disallowed for his other two 2021 disciplinary violations (IR 3493959 (13 days GCT) and IR 3525508 (27 days GCT)),

when Petitioner's GCT for 2021 was officially calculated at the end of the year, the disallowance was capped at 54 days. (ECF No. 30 at 7).

Petitioner correctly asserts that, in the aggregate, the DHO ordered the disallowance of 81 days of GCT for the three disciplinary rule violations that are the subject of this habeas proceeding. However, based upon the Sentence Monitoring Good Time Data sheet ("GCT sheet") provided by Petitioner with his Motion to Amend, he was only disallowed an aggregate of 54 days in the year between December 11, 2020 and December 10, 2021, which is when the three subject disciplinary actions occurred. (ECF No. 30 at 7). Although the GCT sheet lists the "ACTUAL DIS" for that year as 81 days, when you compare that to the totals in the "MAX DIS" and "POSSIBLE FFT" columns for the years ending December 10, 2020 and December 10, 2021, it is apparent that only 54 days were actually disallowed for the year ending December 10, 2021.[1] Thus, Petitioner's GCT disallowance for the year ending December 10, 2021 was correctly calculated and applied, and Petitioner's claim of excessive disallowance of GCT lacks merit. Consequently, the undersigned **FINDS** that Petitioner's proposed amendment to add a claim alleging the excessive disallowance of his GCT is futile and there is no valid basis to permit this amendment. Accordingly, it is hereby **ORDERED** that Petitioner's Motion to Amend or Add Additional Arguments (ECF No. 30) is **DENIED**.

---

[1] Petitioner's GCT data sheet, which was printed as of April 12, 2023, illustrates that Petitioner had 499 days of GCT as of December 10, 2019. Although the data sheet indicates that 68 days of GCT was ordered disallowed during that year, only 54 days of GCT was actually subtracted, and Petitioner's total of 499 days did not change between December 10, 2018 and December 10, 2019. In the anniversary year ending December 10, 2020, had Petitioner received all 54 days of GCT for that year, he would have had a total of 553 days of GCT. However, in that anniversary year, Petitioner had 41 days of GCT disallowed, reducing his GCT total to 512. Thereafter, in the anniversary year ending December 10, 2021, Petitioner had 60 days of non-vested GCT forfeited, taking his total down to 452 days of GCT, as reflected for that anniversary year on the data sheet. Although Petitioner would have earned another 54 days of GCT during that anniversary year as well, 54 days out of the 81 days that was ordered to be disallowed was actually disallowed, leaving his GCT total at 452 days as of December 10, 2021. Then, for the next anniversary year, ending December 10, 2022, Petitioner had no GCT disallowed or forfeited and earned 54 days of GCT, so his total as of that date was 506 days of GCT. (ECF No. 30 at 7).

### D. Petitioner's Motion for Sanctions.

Also pending is Petitioner's Motion for Sanctions (ECF No. 20), in which Petitioner seeks sanctions against Destiny Spearen, a Paralegal at the Consolidated Legal Center ("CTC") at FCI Beckley, and Assistant United States Attorney Matthew C. Lindsay, for allegedly submitting a knowingly false declaration. Specifically, Petitioner contends that Spearen's declaration submitted with Respondent's Response and Motion to Dismiss or for Summary Judgment falsely swore to the truth and correctness of the documents attached thereto, which consisted of Petitioner's inmate housing history and excerpts from his administrative remedy history. (ECF No. 20 at 1). Petitioner further contends that Spearen's declaration falsely claims that Petitioner only filed one administrative remedy concerning the IR 3493959 disciplinary proceedings and that his inmate housing history for a period unrelated to the instant disciplinary proceedings is inaccurate. (*Id.* at 1-2). Petitioner asserts that monetary sanctions are warranted for the use of these allegedly flawed documents. (*Id.* at 3).

Respondent filed a response to the motion for sanctions in which he first asserts that Petitioner failed to comply with the requirements of Rule 11 of the Federal Rules of Civil Procedure to provide Respondent with the motion and an opportunity to withdraw the document or cure any deficiencies before filing the motion with the court. (ECF No. 24 at 1). Respondent further asserts that Spearen did not attest to the accuracy of the information in the documents, only that the documents provided were a "true and accurate *copies*" of the records contained in the BOP's SENTRY system. (*Id.* at 3). Moreover, Respondent contends that Petitioner has not offered any evidence to demonstrate the inaccuracy of the information in the records themselves. (*Id.*) Respondent further emphasizes that "[t]he documents and information contained in

7

SENTRY are afforded a presumption regularity and are reasonably reliable, absent clear evidence to the contrary." (*Id.* at 2).

Nonetheless, Respondent's response indicates that BOP staff conducted another search of the administrative remedy database and determined that Spearen's declaration contained a clerical error concerning the relevant administrative remedy and corrected it by way of another declaration authored by Misty Shaw, a Paralegal at the BOP's Mid-Atlantic Regional Office. (ECF No. 24 at 3). Shaw's declaration clarifies that the relevant administrative remedy number containing the DHO appeal for IR 3493959 is 1099576-R1. (ECF No. 24, Ex. 1).

Respondent's response further asserts that Petitioner's complaint about any inaccuracies with his housing history is irrelevant to the issues presently before this court. The response states:

> The issue at bar is whether, on three separate incident reports in 2021, Gorbey was afforded due process. The housing history was presented to the court for the purpose of establishing Petitioner's current designation at USP Thomson, Illinois and his prior designation at FCI Beckley from January 13, 2021 to April 15, 2022 – the relevant time period that Gorbey received the three incident reports at issue. Whether Gorbey was actually in BOP custody from 2005 to 2008, whether he received appropriate good time credit from that time period, and whether BOP is involved in an overt embezzlement scheme has no relevancy to the current petition. Those issues are not appropriately before the court.

(ECF No. 24 at 3). Respondent further contends that his claim concerning the alleged "false" inmate housing history and related issues were previously adjudicated in another civil proceeding in the United States District Court for the Southern District of New York and are not appropriate for consideration in the instant proceeding. (*Id.* at 4). Petitioner's reply brief reiterates his contention that the allegedly inaccurate housing history suggests that he was never released from BOP custody between 2005 and 2008

8

and, if true, then he could not be the person who was arrested for the D.C. offenses for which he is now serving time in federal prison and that he should be credited with additional time and/or released from custody. (ECF No. 30 at 4-5).

Petitioner's arguments concerning his inmate housing history are not relevant to his prison discipline due process claims and are inappropriate for consideration in the instant proceeding. Moreover, to the extent that Petitioner seeks sanctions in this habeas corpus matter for the use of these records, the undersigned **FINDS** that there is no basis to award the same. The inmate housing history was presented to the court merely to confirm the time period in which Petitioner was housed at FCI Beckley (during which these three disciplinary actions were taken) and the fact that he is presently housed at USP Thomson. With respect to the inmate administrative remedy history, notwithstanding the clerical error that has now been corrected by Respondent concerning the relevant administrative remedy number, it appears that the parties simply disagree about the relevance of additional administrative remedies – a matter that will be addressed in the undersigned's forthcoming Proposed Findings and Recommendation – and the undersigned does not believe that Respondent's position thereon is sanctionable conduct. Accordingly, it is hereby **ORDERED** that Petitioner's Motion for Sanctions (ECF No. 20) is **DENIED**.

The Clerk is directed to file this Order, to mail a copy to Petitioner, and to transmit a copy to counsel of record.

ENTER: August 17, 2023

Dwane L. Tinsley
United States Magistrate Judge

9